UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERESA F. BURRELL,**

      **Plaintiff,**　　　　　　　　　　Case No. C2-02-CV-1119
　　　　　　　　　　　　　　　　　　　JUDGE GREGORY L. FROST
  v.　　　　　　　　　　　　　　　　Magistrate Judge Norah King

**MARGARET HENDERSON/CWAA, et al.,**

      **Defendants.**

## OPINION & ORDER

This matter comes before the Court for consideration of a Motion to Dismiss (Doc. # 111) filed by Defendant Margaret Henderson ("Defendant Henderson"), a Memorandum in Opposition (Doc. # 113) filed by Plaintiff Teresa F. Burrell ("Plaintiff") and a Reply[1]. (Doc. # 114.) For the reasons that follow, this Court **GRANTS** Defendant Henderson's Motion. (Doc. # 114.)

### A. Background

On October 22, 2003 this Court granted Plaintiff's motion for default judgment against the Communications Workers of America on the issue of liability. (Doc. # 12.) On November 12, 2003 the Court conducted a hearing and took testimony from Plaintiff regarding Plaintiff's alleged damages. Subsequently, this Court held as follows in its November 18, 2003 Order with respect to Defendant Henderson:

> From the testimony present, this Court finds that Plaintiff has no cause

---

[1] This Court notes that although (Doc. #113) is entitled "Motion to Reconsider Inclusion of Margaret Henderson," this Court will treat it as a Memorandum in Opposition. Thus, Defendant's Memorandum Contra will be treated as a Reply. (Doc. # 114.) The docket correctly categorizes each document. The Court will also accept Plaintiff's Memorandum in Opposition (Doc. # 113) as timely filed, despite Defendant's objection in its Reply. (Doc. #114). Thus, Plaintiff's Motion To Extend Time In Response To Motion To Dismiss (Doc. #116) is **MOOT**.

>of action against Margaret Henderson as President of Communications
>Workers of America, despite the fact that Margaret Henderson, in her
>capacity as president of the union, failed to answer.  None of the testimony
>convinces this Court that liability attaches to Margaret Henderson.

(Doc. # 14.)

That final Order (Doc. # 14) was incorporated into the Court's Final Judgment.  (Doc. # 15).  Defendant Communications Workers of America appealed to the Sixth Circuit the portion of this Court's Order that awarded the default judgment.  Plaintiff, however, did not file an appeal with respect to the portion of this Court's Order, which held that Plaintiff had no cause of action against Defendant Henderson in her individual capacity.[2]  In fact, in Plaintiff's brief filed with the Sixth Circuit, Plaintiff expressed that she never intended to sue Defendant Henderson in her personal capacity and that this Court had properly dismissed Defendant Henderson from the case.[3]  The Sixth Circuit ultimately afforded relief from the default judgment to Defendant Communications Workers of America.  Accordingly, this case has been remanded to this Court for further adjudication on the merits.

This Court interprets Plaintiff's Complaint (Doc. # 3) as presenting two claims.  First, a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1985, for the union's alleged breach of their duty of fair representation.  Second, a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*, for the union's alleged discrimination against Plaintiff based on her age by failing to take her grievance to arbitration.

---

[2] This Court notes that Defendant Communications Workers of America acted properly when it chose only to appeal the ruling pertaining to the default judgment and not the ruling finding that Plaintiff had no valid claims against Defendant Henderson in her individual capacity.  *See Newman v. Federal Exp. Corp.*, 266 F.3d 401 (6th Cir. 2001).

[3] Plaintiff argued before the Sixth Circuit that "Teresa Burrell was not suing Margaret Henderson individually" and that "Margaret Henderson was never the intended defendant in the first place."  (Doc. #111, Ex. C, p. 12-13.)

In response, Defendant Henderson now offers several reasons why this Court should grant her motion to dismiss. (Doc. # 111.) Defendant Henderson contends that under the law-of-the-case doctrine, she is no longer a party to this action. Specifically, Defendant Henderson posits that this Court's Order (Doc. # 14) was a final appealable order that Plaintiff chose not to appeal. Thus, this Court's Order, which held that Plaintiff has no cause of action against Defendant Henderson, should continue to govern this case. Alternatively, Defendant Henderson argues that even if she remained a Defendant in this case, this Court should grant her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Henderson contends that Plaintiff has no cause of action against her in her individual capacity on either claim. Defendant Henderson's argument is well-taken.

## B. Discussion

### 1. The Law of the Case

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill,* 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting *Arizona v. California*, 460 U.S. 605, 618, (1983)). The doctrine refers to any issues that were decided at an earlier stage of the litigation either explicitly or implicitly or by necessary inference from the diposition. *McKenzie v. BellSouth Telecomm. Inc.,* 219 F.3d 508, 513 n. 3 (6th Cir. 2000) (quoting *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997))(citations omitted). The mandate rule is a specific application of the law-of-the-case doctrine. *See McKenzie,* 219 F.3d at 513 (citing *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992)). Under this rule, when a case has been remanded by an appellate court, "the trial court is bound 'to proceed in accordance with the

mandate and the law of the case as established by the appellate court,'" and thereby precluded from reconsideration of any aspect of the law of the case. *McKenzie,* 219 F.3d at 513 n. 3 (quoting *Hanover Ins. Co.*, 105 F.3d at 312) (citations omitted).

The Sixth Circuit has held, however, that the " 'law of the case doctrine' is 'directed to a court's common sense' and is not an 'inexorable command.'" *McKenzie,* 219 F.3d at 513 n. 3 (quoting *Hanover Ins. Co.*, 105 F.3d at 312) (citations omitted); *see also Scott,* 377 F.3d at 507 (stating that "[i]t should be noted that the doctrine only 'directs a court's discretion, it does not limit the tribunal's power'") (quoting *Arizona*, 460 U.S. at 618). For instance, a prior ruling in the case may be reconsidered if (1) substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *McKenzie* 219 F.3d at 513 n. 3 (citations omitted). Moreover, the trial court may always consider those issues not decided expressly or impliedly by the appellate court or a previous trial court. *McKenzie* 219 F.3d at 513 (citing *Jones*, 957 F.2d at 262).

Here, the law-of the-case encompasses this Court's explicit finding made on November 18, 2003, which states "that Plaintiff has no cause of action against Margaret Henderson as President of the Communications Workers of America, despite the fact that Margaret Henderson, in her capacity as president of the union, failed to answer." (Doc. #14). Plaintiff did not appeal this ruling to the Sixth Circuit. Additionally, this case is not a situation where this Court may reconsider its prior ruling. First, since this Court issued its Order (Doc. # 14), Plaintiff has not introduced any new evidence. Second, a controlling authority has not subsequently decided a contrary view of law challenging this Court's Order (Doc. # 14). Finally, this Court's prior

4

decision was not clearly erroneous as manifested by the fact that this Court again has reached the same result.

This Court finds that this Court's decision, which held that Plaintiff has no valid cause of action against Defendant Henderson in her individual capacity, remains part of the law-of the-case. Thus, this Court grants Defendant Henderson's motion (Doc. # 111) based on the law-of-the-case. Alternatively, even if Defendant Henderson had remained a party under the law-of-the-case, this Court finds that Plaintiff has failed to state a claim against Defendant Henderson upon which this Court may grant relief as set forth below.

### 2. Unfair Representation and ADEA Claim

Alternatively, Defendant Henderson moves to dismiss Plaintiff's action pursuant to Fed. R. Civ. P (12)(b)(6). Under this rule, the Court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in favor of the pleader, and views the pleading in the light most favorable to the non-moving party. *See e.g., Tornichio v. United States*, 263 F. Supp. 2d 1090, 1094 (N.D. Ohio 2002). Dismissal is warranted only if it appears beyond a reasonable doubt that the pleader can prove no set of facts in support of the claim that would entitle her to relief. *See, e.g.,Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)). **Additionally, a** district court must read a pro se plaintiff's allegations liberally and apply a less

stringent standard to those pleadings than to a complaint drafted by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court need not, however, accept as true "legal conclusions or unwarranted factual inferences." *Perry v. American Tobacco Co., Inc*., 324 F.3d 845, 848 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th. Cir. 1987).

Plaintiff's first cause of action is against Defendant Henderson in her individual capacity under 29 U.S.C. § 1985 of the LMRA for the union's alleged breach of its duty of fair representation. At the time this suit was filed, Defendant Henderson was president of the union, Local 4310.

§301(b) of the LMRA states:

> (b) Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. §185.

It is well-settled case law that officers of labor unions cannot be held liable under §301 of the LMRA in their individual capacity. Rather, "section 301 only provides for actions against a union and not against individuals working on behalf of the union." *Reynolds v. Ferro Corp.*, No. 06-cv-948, 2006 U.S. Dist. LEXIS 62569, at *20 (N.D. Ohio Sept. 1, 2006) (citing *N.W. Ohio Admins, Inc.,* 270 F.3d 1018, 1032 (6th Cir. 2001), *Carino v. Stefan*, 376 F.3d 156, 160 (3d Cir. 2004), *Morris v. Local 819*, *Int'l Bhd. of Teamsters,* 169 F.3d 782, 784 (2d Cir. 1999), *Carter v.

*Smith Food King,* 765 F.2d 916, 920-21 (9th Cir. 1985)).  Therefore, because Plaintiff in this case has brought a separate claim against Defendant Henderson in her individual capacity as President of Local 4310, Plaintiff has failed to state a valid claim under § 301 of LMRA.  Thus, in the alternative, this Court dismisses Plaintiff's unfair representation claim against Defendant Henderson pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's second cause of action is against Defendant Henderson in her individual capacity under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*, alleging that the union discriminated against her based on her age by failing to take her grievance to arbitration.

The ADEA, 29 U.S.C. §623 *et seq*, makes it unlawful for a labor organization "exclude or expel from its membership, or otherwise discriminate against, any individual because of his age."  29 U.S.C. §623(c).  Although the statute contains no specific provision regarding whether labor union officers can be held liable in their individual capacity, the case law has addressed this issue.

First, the Sixth Circuit, following a majority of other circuits, has held that Congress did not intend individual employees to be held liable under the definition of "employer" under Title VII.  *Wathen v. General Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997).  In the context of union officials, courts have found that Congress also did not intend for union officials to be held liable under either Title VII or the ADEA.  *See Creusere v. Southwest Ohio Reg'l Council of Carpenters,* No.C-1-01-0021, 2002 U.S. Dist. LEXIS 5217, *n.4 (S.D. Ohio March 28, 2002) (finding that the employer agent provision of Title VII and the labor organization agent provision of the ADEA contain identical language and therefore should be interpreted similarly).

Here, Defendant Henderson was, at the initiation of this suit, president of the labor union. This Court, therefore, holds that Defendant Henderson as a union official cannot held liable under the ADEA in her individual capacity. *Creusere*, 2002 U.S. Dist. LEXIS 5217, at *14. Thus, in the alternative, this Court dismisses Plaintiff's ADEA claim against Defendant Henderson.

### C. Conclusion

For the reasons aforementioned, this Court **GRANTS** Defendant Henderson's Motion to Dismiss. (Doc. # 111.) The clerk shall enter judgment accordingly and terminate this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**