UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERESA F. BURRELL,**

      **Plaintiff,**                      Case No. C2-02-CV-1119
                                                 JUDGE GREGORY L. FROST
     **v.**                            Magistrate Judge Norah King

**MARGARET HENDERSON/CWAA, et al.,**

      **Defendants.**

## OPINION & ORDER

This matter comes before the Court for consideration of a Motion for Summary Judgment (Doc. # 120) filed by Defendant Local 4310 of the Communication Workers of America ("Defendant"), a Memorandum in Opposition (Doc. # 121) filed by Plaintiff Teresa F. Burrell ("Plaintiff") and a Reply. (Doc. # 123.) For the reasons that follow, this Court grants Defendant's Motion. (Doc. # 120.)

### A.  Background

Ameritech employed Plaintiff as a Service Representative at the company's Consumer Care Center in Columbus, Ohio.  On or about August 17, 2001, Ameritech suspended Plaintiff from work pending her termination.  The company then terminated her effective August 30, 2001.  According to Bryan Redfern, who at the time was the Manager of Labor Relations for Ameritech, the company terminated Plaintiff because of her excessive absenteeism and prior disciplinary history.  (Doc. # 120-2 ¶¶ 8, 15, 16.)  Specifically, Ameritech had suspended Plaintiff from work without pay for three days in May of 2000 due to poor attendance.  Plaintiff missed another eight days in May, all of June 2000; the first week of July 2000, and a number of

1

days in August as well.  (*Id*. ¶ 5.)  Thereafter, she was absent from work from September 2000 through January 2001, and the first two days of February 2001.  When she returned to work on or about February 5, 2001, Ameritech suspended her again from work without pay, for three more days.  (*Id*. ¶¶ 6-7.)  According to Redfern, Plaintiff "was specifically informed in February 2001 that any further absences from work, for whatever reason, could lead to the termination of her employment at Ameritech in light of her past record of excessive absenteeism and her lengthy disciplinary record."  (*Id*. ¶ 7.)

Plaintiff was again absent from work from July 16, 2001 up through August 16, 2001.  (*Id*. ¶ 8.)  She returned to work on August 17, 2001, at which time Ameritech suspended her again pending her termination.  *Id.*  Plaintiff claimed that she was unable to work during the July to August time frame due to injuries she had sustained in a July 12, 2001 car accident.  (Doc. # 120-3 at 79.)  Defendant filed a grievance on behalf of Plaintiff.  (Doc. # 120-4 ¶ 6.)  On or about August 17, 2001, Defendant's President, Margaret Henderson ("Henderson") requested that Ameritech schedule a Review Board hearing for Plaintiff.  *Id.*  According to Redfern:

> The purpose of a Review Board Hearing is to review the facts
> that are available concerning the contemplated dismissal and
> to permit the employee, or in his or her absence, the local union
> to present any facts which the employee believes should be
> brought to the company's attention when considering the matter,
> and for the parties to attempt to resolve the issue.

(Doc. # 120-2 ¶10.)

Prior to the Review Board hearing, Defendant requested all relevant information from Ameritech, met with Plaintiff, and asked her to provide Defendant with whatever medical documentation she had to justify her lengthy absence from work in July and August 2001.

2

Plaintiff failed to provide Defendant with any medical documentation to support her claim that she was too disabled to work from July 16, to August 16, 2001. (Doc. 120-4 ¶¶ 10-12.)

The Review Board hearing was conducted at Defendant's offices on August 28, 2001. Redfern was there on behalf of Ameritech, along with Mr. Jerry Wright ("Wright"). Plaintiff was in attendance, along with Henderson and Diane Bailey. At the Review Board hearing, Redfern and Wright discussed Plaintiff's history of absenteeism as reflected in her attendance report. Plaintiff did not dispute at the Review Board hearing that Defendant told her in February 2001 that any further absences from work could result in her termination. (Doc. # 120-4 ¶¶ 9, 12; Doc. # 120-2 ¶ 12.)

At the Review Board Hearing, Plaintiff did not present Defendant or Ameritech with medical documentation to support her claim that she was unable to work from July 16, 2001 through August 16,2001. (Doc. # 120-4 ¶¶ 11, 25; Doc. # 120-2 ¶¶ 13, 15.) Henderson made attempts to persuade the company not to terminate her employment. (Doc. # 120-4 ¶ 13). After reviewing all of the available information, Defendant maintained its decision to terminate Plaintiff. Redfern summarized the company's rationale for doing so as follows:

> The decision to uphold the termination of Ms. Burrell's employment was based on her record of excessive absenteeism as reflected in Exhibit A [Attendance Report]; the fact that she had been disciplined numerous times for her excessive absenteeism; the fact that she had been warned in February 2001 that any further absences from work, for whatever reason, could result in her termination; the fact that she missed another month of work from July 16, 2001 through August 16, 2001; and the fact that she was unable to provide sufficient medical documentation regarding her inability to work during that time frame.

(Doc. # 120-2 ¶ 15.)

Redfern confirmed Ameritech's final decision to terminate Plaintiff in an August 30,

3

2001 letter to Henderson. *Id.* ¶ 16. In a September 5, 2001 letter to Plaintiff, Henderson notified Plaintiff of the fact that Ameritech had upheld its decision to terminate her employment. Moreover, Defendant also informed Plaintiff that it would not recommend that her grievance proceed to arbitration and would take no further action on her behalf. (Doc. # 120-4 ¶¶ 17, 18.) Plaintiff received Henderson's letter no later than September 11, 2001. (Doc. # 120-3 at 108; Doc. 120-4 ¶ 17-18.) Thus, from the contents of the letter, Plaintiff knew on or about September 11, 2001 that Defendant was taking no further action on the matter. *Id.*

Approximately fourteen months after Defendant informed Plaintiff that Defendant was not taking further action on Plaintiff's grievance, Plaintiff filed this instant Complaint. (Doc. # 3.) In its April 12, 2007 Opinion and Order, this Court interpreted Plaintiff's Complaint (Doc. # 3) as presenting two claims. First, a claim under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1985, for Defendant's alleged breach of its duty of fair representation. Second, a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*, for Defendant's allegedly discriminating against Plaintiff based on her age by failing to take her grievance to arbitration.

The motions are fully briefed and are ripe for disposition.

### B. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The initial burden of showing the absence of any such "genuine issue" rests with the moving party: it must inform the district court of the basis for its

motion, and identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ P. 56(e).

The burden then shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party cannot rest on its pleadings or merely reassert its previous allegations. Fed. R. Civ. P. 56(e). It is insufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the non-moving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. *Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

The Court must therefore grant a motion for summary judgment if Plaintiff, who has the burden of proof at trial, fails to make a showing sufficient to establish the existence of an element that is essential to his case. *See Muncie*, 328 F.3d at 873 (citing *Celotex Corp.,* 477 U.S. at 324.) However, in ruling on a motion for summary judgment, "a district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

### C.  Discussion

**1. LMRA Claim**

Defendant argues that it is entitled to summary judgment on Plaintiff's LMRA claim pursuant to 28 U.S.C. § 185 on several independent grounds. First, Defendant alleges that the statute of limitations bars Plaintiff's claim. Second, Defendant posits that Plaintiff cannot establish a prima facie case. Specifically, Defendant claims that Plaintiff has neither alleged, nor has any proof, that Ameritech violated the applicable collective bargaining agreement ("CBA") when it terminated her employment in August of 2001. Moreover, Defendant argues that Plaintiff has not shown that Defendant's decision not to arbitrate Plaintiff's grievance was arbitrary, discriminatory, or in bad faith. Finally, Defendant contends that Plaintiff failed to exhaust available internal union remedies. Namely, Plaintiff did not internally appeal Defendant's decision not to arbitrate her grievance despite Plaintiff's constructive knowledge of the appeals procedure. Plaintiff's Memorandum in Opposition (Doc. # 121) does not address Defendant's arguments. For the reasons that follow, this Court grants Defendant's motion for summary judgment on Plaintiff's LMRA claim on four grounds.

Here, Plaintiff brings a hybrid suit under § 301 of the LMRA.  "A hybrid § 301 suit implicates the interrelationship among a union member, his union, and his employer." *Garrish v. Int'l Union United Auto., Aerospace and Agric. Implement Workers of Am.,* 417 F.3d 590, 594 (6th (2005) (quoting *Vencl v. Int'l Union of Operating Eng'rs, Local 18,* 137 F.3d  420, 424 (6th Cir.1998)) (citation omitted).  Such a suit comprises two causes of action.  *DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 163-65  (1983).  One is against the employer alleging a breach of the collective bargaining agreement.  *Id.*  This suit rests on § 301 and provides the basis for federal jurisdiction.  *Id; see also Garrish,* 417 F.3d at 594.  The other is against the union alleging a breach of the union's duty of fair representation.  This action is implied under the scheme of the National Labor Relations Act.  *DelCostello*, 462 U.S. at 164.  These two causes of action are inextricably linked.  *Id.*  The employee may, if he or she chooses, sue one defendant and not the other; but what he or she must prove is the same whether he sues one, the other, or both.  *Id.* at 165.

 In order for a plaintiff to recover against either a union or employer, a plaintiff must prove both (1) that the employer breached the collective bargaining agreement and (2) that the union breached its duty of fair representation.  *Garrish,* 417 F.3d at 594.  Thus, if a plaintiff cannot satisfied both prongs, he or she cannot succeed against either defendant.  *Id.* (citation omitted).

A six-month statute of limitations applies to a plaintiff's hybrid § 301 action.  *DelCostello*, 462 U.S. at 164; *Garrish,* 417 F.3d at 594.  Such a claim accrues when an employee discovers, or reasonably should have discovered with exercise of due diligence, when the local union withdrew his or her grievance.  *Garrish,* 417 F.3d at 594 (holding that the statute of

7

limitations period for an employees' claim against the union and the local began to run no later than the date when the local withdrew the employees' related grievances seeking workers' removal)*; see also Wilson v. Int'l Bhd. of Teamsters,* 83 F.3d 747, 757 (6th Cir. 1996) (stating that "[p]laintiffs are not required to sue on a hybrid claim until . . . [they] reasonably should know that the union has abandoned [their] claim.").

In the present case, Defendant notified Plaintiff in a September 5, 2001 letter that it would not recommend that her grievance proceed to arbitration and would take no further action on her behalf.  (Doc. # 120-4  ¶¶17, 18.)  Plaintiff received the letter on or about September 11, 2001.  (Doc. # 120-3 at 106-08;  Doc. 120-4 ¶¶ 17-18.)  Thus, from the contents of the letter, Plaintiff shown have known on or about September 11, 2001 that Defendant abandoned her grievance.  *Id*.  Accordingly, Plaintiff had until March 11, 2002 to file her lawsuit against Defendant alleging a breach of duty of fair representation.  Plaintiff, however, filed this instant Complaint (Doc. # 3) on November 14, 2002.  Thus, Plaintiff filed this lawsuit approximately fourteen months after Defendant informed Plaintiff that Defendant had abandoned her claim.  This Court therefore holds that Defendant is entitled to summary judgment on Plaintiff's § 301 claim because Plaintiff's § 301 claim is barred by the statute of limitations.

Even if Plaintiff's § 301 claim were timely, Plaintiff fails to establish a prima facie case.  Plaintiff has not offered any proof as required that Ameritech violated the CBA when it terminated her employment in August 2001.  Rather, the record shows that Ameritech had taken numerous disciplinary actions against Plaintiff prior to her termination as a result of her excessive absenteeism and warned Plaintiff that further absences would result in her termination.  Furthermore, Plaintiff failed to provide Ameritech or Defendant with medical documentation to

8

support her absences.  Thus, alternatively, Defendant is entitled to summary judgment on Plaintiff's § 301 claim because Plaintiff cannot satisfy the first prong of her prima facie case. *Garrish,* 417 F.3d at 594.

Moreover, Plaintiff cannot establish the second prong of her prima facie case.  Plaintiff presents no evidence that Defendant breached its statutory duty of fair representation.  A union breaches its statutory duty of fair representation only when its conduct toward a member is arbitrary, discriminatory, or in bad faith.  *E.g., Vaca v. Sipes,* 386 U.S. 171, 190 (1967).  A union's actions are considered to be arbitrary only if they are so far beyond the range of reasonableness as to be irrational.  *Air Line Pilots Ass'n. v. O'Neill,* 499 U.S. 65, 78 (1991).  Mere negligence or a error in judgment is insufficient to establish a breach of the duty of fair representation.  *See Poole v. Budd Co.,* 706 F.2d 181, 184 (6th Cir. 1983).

Plaintiff presents no evidence that Defendant acted in an arbitrary or discriminatory manner when it chose not to arbitrate Plaintiff's grievance.  Rather, the record presents substantial evidence in support of Defendant's decision.  In February of 2001, Ameritech informed Plaintiff that any more absences from work–in light of her prior absenteeism and disciplinary record- could result in her termination.  Subsequently, Plaintiff missed an entire month of work.  Plaintiff also failed fulfill Defendant's request to provide Defendant with medical evidence that she was disabled during this period of time.  Thus, Defendant's conclusion that there was insufficient data to proceed to arbitration was factually based and a reasonable decision under the circumstances.  Thus, Defendant is entitled to summary judgment because Plaintiff also cannot satisfy the second prong of her prima facie case.

Lastly, Defendant is entitled to summary judgment because Plaintiff failed to

exhaust available internal union remedies.  As a general rule, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement. *DelCostello,* 462 U.S. 151, 163-165; *see also Garrish,* 417 F.3d at 594.  Under exceptional circumstances, however, exhaustion of intra-union remedies is not always required. *Clayton v. Automobile Workers,* 451 U.S. 679, 685 (1981) (holding where "internal union appeals procedure cannot result in reactivation of the employee's grievance or an award of the complete relief sought in his § 301 suit, exhaustion will not be required with respect to either the suit against the employer or the suit against the union").  If the employee can prove that the union breached its duty of fair representation in its handling of the employee's grievance, a wrongfully discharged employee may still bring an action against his employer in the face of a defense based upon the failure to exhaust internal remedies. *Vaca*, 386 U.S. at 186 (recognizing that the exhaustion rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation).

      Here, Plaintiff cannot prove that Defendant breached its duty of fair representation in its handling of Plaintiff's grievance.  Moreover, the internal union appeals procedure provided an opportunity for Plaintiff to subsequently appeal Defendant's decision to abandon her claim. Plaintiff failed, however, to exercise her right to appeal Defendant's decision.  Thus, Defendant is also entitled to summary judgment based on Plaintiff's failure to exhaust internal union remedies.

      **2. ADEA Claim**

Plaintiff's second cause of action against Defendant is brought under the ADEA alleging that Defendant discriminated against her based on her age by failing to take her grievance to arbitration.

At her deposition taken on March 23, 2007, Plaintiff was asked questions about what evidence she had in support of her assertion that Defendant had discriminated against her based on her age. In pertinent part, the deposition reveals:

> Q: And you're not pursuing or claiming anymore, or don't intend to pursue a claim of age discrimination?
> A: I have no intentions.
> Q: Of pursuing an age discrimination claim?
> A: No.

(Doc. # 120-3 at 106-08).

Although Plaintiff has not formally moved to dismiss her ADEA claim, Plaintiff has made her intent clear that she is no longer pursuing her ADEA claim. Additionally, even if Plaintiff intended to pursue her ADEA claim, Plaintiff fails to establish a prima facie case.

To demonstrate all the elements of a *prima facie* case of age discrimination, Plaintiff must show that (1) she was a member of the protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the particular position; and (4) she was replaced by a person who is not a member of the protected class or that similarly situated non-protected employees were treated more favorably. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998).

This Court finds that Plaintiff has presented no evidence that her age was a motivating factor in Defendant's decision not to recommend that her grievance proceed to arbitration. Specifically, in her charge of discrimination filed with the EEOC, Plaintiff compared herself to

11

three other members of Defendant and implied that she was treated differently than those three members because of her age. (Doc. # 120-4 ¶¶ 19-23.) The record reveals, however, that none of the facts relating to those three individuals were in any way remotely similar to the Plaintiff's situation. *Id.* Thus, Defendant is entitled to summary judgment on Plaintiff's ADEA claim.

### D. Conclusion

For the reasons aforementioned, this Court **GRANTS** Defendant Motion for Summary Judgment. (Doc. # 120.) The clerk shall enter judgment accordingly and terminate this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                  /s/ Gregory L. Frost
                 **GREGORY L. FROST**
                 **UNITED STATES DISTRICT JUDGE**